IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

WILLIE SMITH, III,                                                                                         PLAINTIFF
# 252721

v.                                          4:22CV00976-KGB-JTK

MCFADDEN, et al.                                                                                     DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

I.   **Introduction**

Willie Smith, III ("Plaintiff") is in custody at the Pulaski County Detention Center. (Doc. No. 1 at 1). Plaintiff filed this action alleging violations of his federally protected rights, but Plaintiff did not submit the $402.00 filing fee or an in forma pauperis motion ("IFP Motion").

On October 11, 2022, the Court directed Plaintiff to either submit the $402.00 filing fee or an IFP Motion within 30 days. (Doc. No. 2). To date, Plaintiff has not paid the filing fee, filed an IFP Motion, or otherwise responded to the Court's October 11, 2022 Order.

Rule 5.5(c)(2) of the Local Rules for the United States District Court for the Eastern and Western Districts of Arkansas provides:

>It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself must sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* must be expected to be familiar with and follow the Federal Rules of Civil Procedure.

LOCAL RULE 5.5(c)(2). In the October 11 Order, the Court informed Plaintiff of his responsibility to comply with Local Rule 5.5(c)(2). (Doc. No. 2 at 2). Nonetheless, Plaintiff has not responded to the Order. Because Plaintiff has not responded to the Court's October 11, 2022 Order, his case should be dismissed without prejudice for failure to prosecute. LOCAL RULE 5.5(c)(2); FED. R. CIV. P. 41(b).

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint be DISMISSED without prejudice for failure to prosecute.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an <u>in forma pauperis</u> appeal from any Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

Dated this 15th day of November, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE